UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 16-cv-11080-RWZ


PATRICIA KARTER

v.


PLEASANT VIEW GARDENS, INC.,
HENRY HUNTINGTON and ROBERT LADUE


MEMORANDUM OF DECISION AND ORDER

August 9, 2018


ZOBEL, S.D.J.

In its March 31, 2017 Memorandum of Decision (Docket # 27), this court allowed defendants' motion to dismiss plaintiff's claim for unfair and deceptive business practices under Massachusetts General Laws chapter 93A, §§ 2, 11 ("93A claim"). Plaintiff has moved for reconsideration and for leave to amend her complaint, and defendants oppose both motions.

I.   **Background**

Count I of plaintiff's original complaint alleges that defendants engaged in unfair and deceptive acts and practices in violation of Massachusetts General Laws chapter 93A, §§ 2, 11.  Chapter 93A prohibits "[u]nfair methods of competition and unfair or

1

deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2(a).

In the March 2017 order plaintiff now challenges, I dismissed her 93A claim on two grounds. First, I reasoned that the protections of Chapter 93A do not extend to intra-enterprise "disputes . . . between individual members of a partnership arising from partnership business[] and transactions and disputes between parties to a joint venture.'" Docket # 27, at 6 (quoting KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 23 (1st Cir. 2003)). Second, even assuming the statute's application to fraud cases between business partners, I concluded that the complaint failed to adequately allege fraud. Id. at 8, 19-20.

## II.     Motion for Reconsideration

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). The court has substantial discretion to grant or deny a motion for reconsideration, but will not consider any argument already rejected, or any theory that could—and should—have been raised earlier. See Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81 (1st Cir. 2008); Nat'l Metal Finishing Co., Inc. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

Plaintiff argues neither a change in nor error of law. Instead, alluding to the "newly discovered evidence" path to reconsideration, she relies "on positions staked out

2

by the Defendants post-dating the initial Complaint and motion practice." Docket # 79, at 15. Alternatively, she urges that reconsideration must be allowed "to prevent manifest injustice." Id.

In the way of newly discovered evidence, however, plaintiff points merely to defendants' framing of facts long known to her. Specifically, she argues that defendants' characterization of her as an independent consultant rather than as a partner in a joint venture gives new life to her 93A claim. Where plaintiff signed the Consulting Agreement in 2014 and pleaded related allegations in her original complaint, see, e.g., Docket # 8, ¶¶ 37–41, a defense, even if new, that relies on the same facts hardly constitutes newly discovered evidence.

Similarly, plaintiff argues that "upon the evidence now in the record," she has pleaded sham negotiations with sufficient particularity to revive her 93A claim. Docket # 79, at 17. The evidence to which she refers, however, is not newly *discovered* so much as newly *pleaded*, and is therefore more properly addressed in Section III below.

### III. Motion for Leave to Amend Complaint

Although leave to amend is freely given under Rule 15, it need not be if the additional allegations would not cure the original deficiency. See In re Montreal, Maine & Atlantic Railway, Ltd., 888 F.3d 1, 12–13 (1st Cir. 2018).

Here, plaintiff's additional allegations concerning her purported independent consultant status (Docket # 78-1, ¶¶ 12(a), 38(a–d)) do not rectify the original complaint's intra-enterprise bar to 93A relief. Despite having proposed additional facts concerning her consulting work for defendants and other clients, plaintiff still advances a partnership theory in which she was denied her promised share of equity in the joint

venture. See, e.g., id. ¶ 48 (describing term sheet "tracking the expectation that each partner would have an equity stake in the new company"); ¶ 73(b) (referencing negotiations concerning the "equity stake in the business she was jointly developing with [defendants]"). It remains true that "[t]he association between the plaintiff and the defendant[s] in the interests of forming a business venture together is not the kind of commercial transaction regulated by the statute." Petricca Dev. Ltd. P'ship v. Pioneer Dev. Co., 214 F.3d 216, 223 (1st Cir. 2000) (quoting Szalla v. Locke, 657 N.E.2d 1267, 1270 (Mass. 1995)).

  Her additional allegations of sham negotiations (Docket # 78-1, ¶¶ 50–60, 67(a–b), 70, 74(b)) similarly fail to cure the original deficiency. That deficiency, as described in the March 2017 order, consisted of plaintiff's failure to "adequately identify the basis for inferring a fraudulent intent" at the time Huntington made statements about intending to enter a partnership. Docket # 27, at 20. Plaintiff now alleges that even as Huntington acknowledged plaintiff's right to an equity stake, defendants' counsel used unethical tactics "to push Ms. Karter away." Docket # 78-1, ¶ 60. She also alleges that, having cut plaintiff out of the venture, Huntington "dissembled" as to his reasons for doing so. Id. at ¶ 67. Even taken together as true, these new allegations do not show defendants' requisite fraudulent scienter at the time any promises of equity partnership were made.

  Because the complaint as amended would still fail to state a claim upon which relief could be granted, plaintiff's motion for leave to amend (Docket # 78) is denied as futile. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

## IV. Conclusion

For the foregoing reasons, plaintiff's Motion for Reconsideration (Docket # 79) is denied.  Her Motion to Amend Complaint (Docket # 78) is also denied, because futile.

    <u>August 9, 2018</u>                        <u>/s/Rya W. Zobel</u>

        DATE                              RYA W. ZOBEL  
                                      SENIOR UNITED STATES DISTRICT JUDGE